**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

BLAS RAMOS BRAVO,

                Petitioner - Appellant,

v.

JERI TAYLOR,

                Respondent - Appellee.

No. 15-35072

D.C. No. 2:13-cv-01048-MA

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
Malcolm F. Marsh, Senior District Judge, Presiding

Argued and Submitted March 11, 2016
Portland, Oregon

Before: BERZON and WATFORD, Circuit Judges, and WALTER, Senior District
Judge.[**]

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The Honorable Donald E. Walter, Senior United States District Judge for the Western District of Louisiana, sitting by designation.

Petitioner-Appellant Blas Bravo ("Petitioner"), an Oregon state prisoner, appeals the district court's denial of his 28 U.S.C. § 2254 habeas corpus petition. We affirm.

Petitioner was convicted, after a jury trial, of second-degree sexual abuse, in violation of Or. Rev. Stat. § 163.425, and tampering with a witness, in violation of Or. Rev. Stat. § 162.285. The former conviction arose out of Petitioner's sexual relationship with an underage female. By a special verdict form, the jury also found three aggravating factors, upon which the State ultimately sought upward departure sentences. None of those factors were related to the victim's age. The sentencing court imposed the requested departure sentences of 60 months' incarceration, as to each count, to be served consecutively to each other and to a previously imposed 200-month sentence already being served by Petitioner.

In his federal habeas petition, Petitioner alleged, *inter alia*, that the sentencing court improperly used, or relied upon, the victim's age as an aggravating factor in imposing departure sentences and that defense counsel rendered ineffective assistance of counsel by failing to object to the sentencing court's use thereof. The district court denied the petition but granted a certificate of appealability on the issue now before us: whether defense counsel was ineffective

in failing to object to the sentencing court's reference to the victim's age as an enhancement factor at sentencing.

Because the state post-conviction court decided Bravo's ineffectiveness claim on the merits, he can prevail on his habeas claim only if he can show that the adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). Regarding effective assistance of counsel, under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), "[t]he pivotal question is whether the state court's application of the *Strickland* standard was unreasonable." *Harrington v. Richter*, 562 U.S. 86, 101 (2011). "For purposes of § 2254(d)(1), 'an *unreasonable* application of federal law is different from an *incorrect* application of federal law.'" *Id.* (quoting *Williams v. Taylor*, 529 U.S. 362, 410 (2000)). AEDPA "is a difficult to meet and highly deferential standard for evaluating state-court rulings, which demands that state-court decisions be given the benefit of the doubt." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011) (citations and internal quotation marks omitted).

The state post-conviction court's denial of relief after applying *Strickland* was not unreasonable. Read in context, the sentencing court's mention of the victim's age did not equate to impermissible reliance thereon as an aggravating

3

factor. Counsel for both Petitioner and the State acknowledged, prior to the court's sentencing colloquy, the impact of the victim's age on the facts of this case. In response, the court also acknowledged the victim's age which, in this case, is the fact that caused Petitioner's actions to be a criminal violation of Or. Rev. Stat. § 163.425. The court then explicitly adopted the findings of the jury, as to the three aggravating, non-age-related factors. It is undisputed that, on the basis of those factors alone, the sentencing court was legally authorized to depart from the presumptive sentence. Under *Blakely v. Washington*, 542 U.S. 296 (2004), the determinative question is: could the judge have imposed the sentence given, solely on the basis of the facts admitted or found by a jury? *See* 542 U.S. at 303-04. Here, the answer is yes. Therefore, counsel's failure to object was not objectively unreasonable, nor did it prejudice the proceedings. The post-conviction court's conclusion that trial counsel was not constitutionally ineffective is neither contrary to, nor an unreasonable application of, clearly established federal law. 28 U.S.C. § 2254 (d)(1); *see also Williams, supra,* 529 U.S. at 386 (AEDPA plainly sought to ensure deference to the determinations of state courts which neither conflict with federal law nor apply federal law in an unreasonable way). We accordingly affirm the district court's denial of Bravo's habeas petition.

**AFFIRMED.**